L. A. ANDREW, Superintendent of Banking, Appellee, v. FARMERS & MERCHANTS SAVINGS BANK of Durant, et al., Defendants, ADOLF RUYMANN, Defendant, Appellant.

No. 41909.

JUNE 20, 1933.

Ruymann & Ruymann, for appellant.

Marion C. Hamiel, for appellee.

MITCHELL, J.—This is an action brought by L. A. Andrew, superintendent of banking of the state of Iowa, as receiver of the Farmers & Merchants Savings Bank of Durant, Iowa, to recover against the stockholders of the Farmers & Merchants Savings Bank of Durant, Iowa, on their several shares of stock owned in said bank. The action was started as one suit, in a court of equity, against all the stockholders of the said bank. The case was submitted to the court upon the pleadings and a stipulation of the facts. Under the stipulation it was agreed that the Farmers & Merchants Savings Bank of Durant, Iowa, closed its doors on the 23d day of July, 1931; that on the 31st day of July, 1931, L. A. Andrew, superintendent of banking of the state of Iowa, was, by the district court of Cedar county, Iowa, upon his application, appointed as receiver of said bank; that he has been since that date, and is at the present time, the duly acting and qualified receiver of said bank; that in his capacity as such receiver he instituted this action. The defendant C. J. Ruymann is the owner and holder of eight shares of capital stock in the Farmers & Merchants Savings Bank of Durant, Iowa, and the defendant (appellant here) Adolf Ruymann is also the owner and holder of eight shares of capital stock in said bank. None of the indebtedness incurred by the Farmers & Merchants Savings Bank of Durant, Iowa, during the time it was a going concern, was incurred without proper authority. It was admitted in the pleadings that all the assets, property, and resources of the said bank would be insufficient to pay the creditors and depositors thereof, and that the shortage of assets, property, and re-

sources of said bank would be largely in excess of the assessment required should the full amount of the assessment due from the stockholders be realized. It was stipulated also that the only issues before the court for determination in this case are legal in nature, and are as follows, to wit:

"The power of the receiver to sue or collect on the theory that he has only authority to distribute assets ratably among the creditors of said bank," and the contention "that the plaintiff (appellee herein) is without authority to maintain an action in equity by virtue of section 9253 of the 1931 Code of Iowa, on the theory that this section is null and void, being in violation of Article III, section 29, of the Constitution of the State of Iowa, requiring that every act shall embrace but one subject and the matters properly connected therewith, which subject shall be expressed in the title. That all other allegations in the plaintiff's petition so far as it affects these defendants are admitted."

On the 5th day of October, 1932, the lower court entered judgment against C. J. Ruymann, in favor of the said L. A. Andrew, as receiver of the Farmers & Merchants Savings Bank of Durant, Iowa, on his eight shares of stock in said bank, in the amount of $800, together with costs of the action, and against Adolf Ruymann on his eight shares of stock in said bank, in favor of L. A. Andrew, receiver of the Farmers & Merchants Savings Bank of Durant, Iowa, in the amount of $800, plus costs.

The appellant claims that section 9253 of the Code of 1931 is null and void for the reason that under the Constitution of the State of Iowa, Article III, section 29 thereof, it is required that every act shall embrace but one subject and the matters properly connected therewith, which subject shall be expressed in the title, and that said section 9253 contains more than one subject, to wit, makes provision for the assignee's bringing suit, makes provision for the receiver's bringing suit, and makes provision for the creditor's bringing suit, and that the title to said section is only in reference to the action by creditor and that it is therefore unconstitutional.

Article III, section 29, of the Constitution of the State of Iowa, is as follows:

"Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title.

But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

Section 9253 of the 1931 Code of Iowa is as follows:

"The assignee or receiver of any such corporation, or in case there is none, or of his failure or refusal to act, any creditor thereof, may maintain an action in equity to determine the liability of the stockholders, and the amount to which each creditor shall be entitled; and all parties interested shall be brought into court."

It has been generally and universally held that the language of the Constitution that requires that every act shall embrace but one subject and the matters properly connected therewith, which subject shall be expressed in the title, should not be given a narrow or limited construction, and that it is not necessary that the subject of the bill shall be specifically and exactly expressed in the title, or that the title shall be an index of the details of the act; that "but one subject and matters properly connected therewith" does not and cannot prohibit the uniting in one act of any number of provisions having one general object fairly indicated in the title. The rule of construction to be used in determining whether or not the title is expressive of the subject-matter therein contained is well expressed in State v. Gibson, 189 Iowa 1212, 174 N. W. 34. On page 1221 of 189 Iowa, 174 N. W. 34, 38, this court says:

"The Constitution is not violated if all the provisions relate to the one subject indicated in the title and are parts of it, or incidental to it, or reasonably connected with it, or in some reasonable sense auxiliary to the subject of the statute."

The very language of section 9253 of the 1931 Code indicates that all the provisions of the act, namely, the provision for the assignee bringing suit, the provision for the receiver bringing suit, and the provision for the creditor bringing suit, have one general object in mind, that is, the liquidation or conversion of the liabilities of the stockholders into tangible form for the use and benefit of the creditors and depositors of the bank, this statute being made broad so that receiverships could be had in a number of different cases. This act applies not only to banking corporations but to all sorts of corporations existing under the laws of the state of Iowa.

In some cases a proper party would be an assignee for the benefit of creditors; in other cases, like those of a bank and in the case at bar, the proper person would be the receiver; or, in the event that the assignee or the receiver, after being asked to institute a suit for the collection of the liability of the stockholder, would refuse to institute such suit, then, rather than to permit the creditors of the corporation to suffer loss by reason of the failure to act, the statute provides that the creditors thereof, in their name, may maintain an action in equity to enforce the statutory liability. Underlying the whole action is the thought that the liability must be enforced, and the three means of enforcement provided were to meet the different situations which might arise. The title says "Action by creditor". That was only a convenient means of designation for the reason that the chapter dealing with this subject is headed, "Banks and Trust Companies", and in the act specific reference is made to the action brought by receivers, and about the superintendent of banking acting as receiver of banking institutions. Certainly, an action by a creditor, an assignee, or a receiver, having in mind the common purpose, namely, the enforcement of statutory liability of stockholders, cannot be said to not be reasonably connected with the subject matter of the statute.

The judgment and decree of the lower court is correct, and it must be, and it is hereby, affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.